UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTWONE FLEMING, | ) | |
| | ) | Case No. 2:16-cv-00753-KJD-NJK |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JOHN PIRO, | ) | (Docket No. 5) |
| | ) | |
| Defendant(s). | ) | |

Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 5.

**I.**   ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 5. Additionally, because Plaintiff is incarcerated, he has attached a recent (within the past six months) financial certificate signed by an authorized officer of the institution in which he is incarcerated, a copy of his inmate trust account statement, and a signed financial affidavit as required by § 1915(a)(2) and LSR 1-2. *See id.*

Plaintiff's request to proceed *in forma pauperis* is therefore **GRANTED**. Plaintiff must pay an initial partial filing fee of the greater of twenty percent of the average monthly deposits or twenty percent of the average monthly balance of his account for the six months immediately preceding the commencement of this action. *See* 28 U.S.C. § 1915(b)(1). Plaintiff's average monthly balance is $16.59 and his average monthly deposit is $85.18. Docket No. 5 at 4. Thus, Plaintiff must pay an

initial filling fee of $17.04.

## II.     Screening the Complaint

After granting his request to proceed *in forma pauperis*, the Court must screen Plaintiff's Complaint pursuant to § 1915. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Given Plaintiff's status as a *pro se* litigant, the Court has construed his complaint liberally. Plaintiff uses the Court form for a 42 U.S.C. § 1983 claim, but appears to allege malpractice and

1  ineffective assistance of counsel rather than a § 1983 claim.  If Plaintiff intends to state a claim
2  under § 1983, he must allege that a right secured by the Constitution or statutory law has been
3  violated, and the deprivation was committed by a person acting under color of law.  *See Anderson*
4  *v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

5        A person "acts under color of state law [for the purposes of § 1983] only when exercising
6  power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed
7  with the authority of state law.'"  *Polk County v. Dodson*, 454 U.S. 312, 317–18 (1981) (quoting
8  *United States v. Classic*, 313 U.S. 299, 326 (1941)).  Attorneys appointed to represent a criminal
9  defendant during trial do not generally act under color of state law because representing a client "is
10  essentially a private function . . . for which state office and authority are not needed."  *Polk County*,
11  454 U.S. at 319; *United States v. De Gross*, 960 F.2d 1433, 1442 n. 12 (9th Cir. 1992).  Thus, when
12  publicly appointed counsel are performing as advocates, *i.e.*, meeting with clients, investigating
13  possible defenses, presenting evidence at trial and arguing to the jury, they do not act under color
14  of state law for § 1983 purposes.  *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992); *Polk County*,
15  454 U.S. at 320–25; *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*) (finding
16  that public defender was not a state actor subject to suit under § 1983 because, so long as he
17  performs a traditional role of an attorney for a client, "his function," no matter how ineffective, is
18  "to represent his client, not the interests of the state or county").

19        Plaintiff claims that Defendant John Piro of the Clark County Public Defender's Office
20  rendered ineffective assistance of counsel and committed malpractice by failing to argue motions
21  on Plaintiff's behalf and to communicate adequately with him.  Docket No. 5-1 at 4.  Defendant,
22  however, was not a state actor for § 1983 purposes.  Therefore, has failed to state a claim with regard
23  to § 1983.

24        Further, it appears Plaintiff's criminal case is ongoing and Plaintiff is requesting removal of
25  his appointed counsel.  Docket No. 5-1 at 9.  If Plaintiff's case is ongoing, his claims may fall into
26  the *Younger* abstention doctrine.  *Younger v. Harris*, 401 U.S. 37, 41 (1971).  *Younger* directs
27  federal courts to abstain from granting injunctive or declaratory relief that would interfere with
28  pending criminal proceedings in state court.  *Hirsh v. Justices of Supreme Court of State of Cal.*, 67

1 F.3d 708, 712 (9th Cir. 1995) (*per curiam*).

2 If Plaintiff's case has concluded, then a § 1983 action cannot be used to collaterally attack
3 a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged
4 by executive order, declared invalid by a state tribunal authorized to make such a determination, or
5 called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*,
6 512 U.S. 477, 484 (1994). Therefore, if judgment on Plaintiff's § 1983 claim would necessarily
7 imply the invalidity of Plaintiff's conviction, then *Heck* bars that cause of action. *Cabrera v. City*
8 *of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (citing *Heck*, 512 U.S. at 486-87).

9 If, however, Plaintiff intended to make claims unrelated to § 1983, he has used the incorrect
10 form. In that case, Plaintiff must establish diversity jurisdiction and the Court would apply the
11 substantive law of Nevada. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996).
12 Pursuant to Nevada law, to state a claim for legal malpractice against criminal defense counsel, a
13 "plaintiff must plead that he or she has obtained appellate or post-conviction relief in order to
14 overcome a motion for summary judgment or a motion to dismiss." *Morgano v. Smith*, 879 P.2d
15 735, 737 (Nev. 1994). Plaintiff's appointed counsel, moreover, cannot be held liable for malpractice
16 arising out of discretionary decisions made in his official capacity. *Id*.

17 Accordingly, Plaintiff fails to provide a short and plain statement of his claims showing that
18 he is entitled to relief. The Court will give Plaintiff an opportunity to do so, if Plaintiff believes he
19 can correct the noted deficiencies.

20 Therefore,

21 **IT IS ORDERED THAT:**

22 1. Plaintiff's Application to Proceed *in Forma Pauperis* (Docket No. 5) without having
23 to prepay the full filing fee is **GRANTED**. Plaintiff shall be required to pay an
24 initial installment fee in the amount of $17.04 toward the full filing fee of $350.

25 2. Pursuant to 28 U.S.C. § 1915(b)(2), Clark County Detention Center shall forward to
26 the Clerk of the United States District Court, District of Nevada, twenty percent of
27 the preceding month's deposits to Plaintiff's inmate trust account (in the months that
28 the account exceeds $10.00) until the full $350 filing fee has been paid for this

action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of the inmate accounts department at Clark County Detention Center, 330 S. Casino Center Bvld., Las Vegas, Nevada 89101.

3. Plaintiff's Complaint is **DISMISSED** with leave to amend.

4. Plaintiff will have until **July 6, 2016**, to file an Amended Complaint, if he believes he can correct the noted deficiencies. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (*i.e.*, his original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case without prejudice.

Dated: June 6, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge